STATE OF TENNESSEE, COMPLAINANT, APPELLEE, *v.* SOUTH-
ERN LUMBER MFG. CO. *et al.*, DEFENDANTS, APPEL-
LANTS.

(*Nashville,* December Term, 1932.)

Opinion filed February 25, 1933.

A. G. EWING, III, for complainant, appellee.

JESSE W. SPARKS, for defendants, appellants.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a tax suit in which there was a decree for state and county taxes against Mrs. Jessie W. Sparks and an order for the sale of her land. She has appealed and assigned several errors to the proceedings below.

It is first said that the chancellor erred in ordering a sale of the appellant's property to satisfy delinquent taxes due to the State of Tennessee and to the County of Davidson without including taxes due to the City of Nashville.

Under section 1591 of the Code the tax attorney is required to bring suits like this "in the name of the state, in its own behalf and for the use and benefit of the county, and of any municipality certifying the lists

of delinquent taxes.'' It was agreed at the bar that the property of appellant is located in the City of Nashville and that the City of Nashville has not certified any lists of delinquent taxes to the Trustee of Davidson County or to the tax attorney. It was further stated at the bar that the City of Nashville had consistently refused to certify any such lists and proceeded to collect its delinquent taxes in separate suits under authority of a charter provision.

Manifestly the State of Tennessee and the County of Davidson cannot be deprived of their right and power to collect delinquent taxes due to them by a particular line of conduct which the City of Nashville may see fit to pursue. The statute does not suggest any way in which the trustee or the tax attorney may compel the City of Nashville to certify its delinquent lists. Nor does the statute authorize the tax attorney to undertake the collection of taxes due a municipality until that municipality has certified the lists aforesaid.

We are of opinion therefore that, in the situation presented, the tax attorney properly filed suit to recover state and county taxes alone and that there was no error in the action of the chancellor in rendering a decree for state and county taxes alone.

The right of the City of Nashville to maintain a separate suit for the delinquent taxes due from appellant must be challenged in that suit. Whether an Act conferring such power on the City of Nashville is valid, whether, if maintainable, any costs, penalties and fees could be recovered in a separate suit by the city, and like questions, cannot be determined in the case now before us, to which the city is not a party.

What has just been said disposes likewise of the second and third assignments of error.

■ The fourth assignment of error complains that the chancellor failed to order a reference to ascertain all taxes due on the property of appellant before ordering a sale thereof.

In *State* v. *Collier,* 160 Tenn., 403, we held that the delinquent tax laws contemplated that the purchaser at a tax sale should acquire title free from tax liens and that a reference should be ordered to determine the amount of taxes due on the property, other than those sued for, under section 969, Thompson's-Shannon's Code, section 1678, Code of 1932. In addition to the section of the Code mentioned, section 1601 of the Code of 1932 authorizes such a reference.

This reference, however, may be made after the sale, before confirmation, and, indeed, even after confirmation before distribution of the proceeds of the sale. *Williams* v. *Whitmore,* 77 Tenn. (9 Lea), 262. This cause must go back for execution of the chancellor's decree and proper order of reference can hereafter be made.

Affirmed and remanded for further proceedings.